FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 26, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RYAN G.,

          Plaintiff,

          v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

No. 2:18-cv-00168-JTR

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

     **BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 19. Attorney Dana Chris Madsen represents Ryan G. (Plaintiff); Special Assistant United States Attorney Catherine Escobar represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

### JURISDICTION

    Plaintiff filed an application for Supplemental Security Income on September 24, 2013, alleging disability since January 1, 2011, due to mental health impairments, including generalized anxiety, panic disorder with agoraphobia, social communication disorder, dysthymia, and avoidant personality disorder. Tr. 77. The application was denied initially and upon reconsideration. Tr. 99-102, 106-08. Administrative Law Judge (ALJ) Donna Walker held a hearing on January 26, 2016, Tr. 36-75, and issued an unfavorable decision on February 18,

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

2016, Tr. 15-25.  Plaintiff requested review from the Appeals Council and the Appeals Council denied Plaintiff's request for review on March 30, 2018.  Tr. 1-5. The ALJ's February 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on May 23, 2018.  ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born in 1994 and was 19 years old as of the filing of his application.  Tr. 24.  He has a high school education and received some special education services when in school.  Tr. 39-40.  He has lived with his mother or his grandmother his entire life and has never had a job.  Tr. 47-48, 54-56.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision

supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 18, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 24, 2013, the application date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: persistent depressive disorder, unspecified anxiety disorder, and personality disorder with dependent and avoidant features. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 17-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform work at all exertional levels, but that he had the following non-exertional limitations:

> he has the ability to remember locations and work-like procedures; understand and remember very short and simple instructions; has the ability to understand and remember simple 1-3 step instructions as well as standard work-like procedures on a consistent basis in a competitive environment; maintain attention and concentration for periods in between legally required breaks; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; complete a normal workday and workweek with standard breaks without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods; interact superficially with the general public; ask simple questions or request assistance; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; be aware of normal hazards and take appropriate precautions; he would work best in proximity to but not close cooperation with co-workers and supervisors; he would work best in an environment that is routine, where goals and expectations are predictable.

Tr. 19.

At step four, the ALJ found Plaintiff had no past relevant work.  Tr. 24.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of industrial cleaner, hand packer, and inspector/packer.  Tr. 24-25.

1    The ALJ thus concluded Plaintiff was not under a disability within the

2  meaning of the Social Security Act at any time from September 24, 2013, the

3  application date, through February 18, 2016, the day of the decision.  Tr. 25.

4                                          **ISSUES**

5        The question presented is whether substantial evidence supports the ALJ's

6  decision denying benefits and, if so, whether that decision is based on proper legal

7  standards.  Plaintiff contends the ALJ erred by (1) improperly discrediting

8  Plaintiff's symptom statements; (2) improperly discrediting Plaintiff's mother's

9  testimony; (3) improperly considering and weighing the opinion evidence; and (4)

10  formulating an improper RFC.

11                                      **DISCUSSION**

12  **1.      Plaintiff's symptom statements**

13        Plaintiff alleges the ALJ improperly discredited his symptom claims and

14  made up her mind on the case prior to considering his testimony.  ECF No. 14 at

15  15-17.

16        It is the province of the ALJ to make credibility determinations.  *Andrews*,

17  53 F.3d at 1039.  However, the ALJ's findings must be supported by specific

18  cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent

19  affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's

20  testimony must be "specific, clear and convincing."  *Smolen v. Chater,* 80 F.3d

21  1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

22  "General findings are insufficient:  rather the ALJ must identify what testimony is

23  not credible and what evidence undermines the claimant's complaints."  *Lester*, 81

24  F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

25        The ALJ found Plaintiff's medically determinable impairments could

26  reasonably be expected to cause some of the alleged symptoms; however, she

27  found Plaintiff's "statements concerning the intensity, persistence and limiting

28  effects of these symptoms are not entirely credible."  Tr. 20.  Specifically, the ALJ

found Plaintiff's testimony regarding his mental limitations to be unsupported by the objective medical evidence, inconsistent with Plaintiff's activities of daily living, and unconfirmed by any substantiated treating or examining opinion evidence. Tr. 20-21. She also noted he had only undergone conservative treatment. Tr. 21.

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ found Plaintiff's activities were inconsistent with his assertion that anxiety prevents him from functioning outside his home. Tr. 23. She noted the record documented such activities as running errands for family members, bowling once a week and participating in bowling leagues and tournaments, driving a car, shopping in stores, and playing video games online with friends. *Id.* The ALJ's conclusion that these activities demonstrate greater functional abilities than claimed by Plaintiff is supported by substantial evidence.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ noted mental status exams in the record were generally benign, and that no treating or evaluating medical source documented signs or symptoms of panic attacks or other significant symptomology. Tr. 21, 23. The treatment records from Patrick Caruso, LMHC, do not contain any objective descriptions of Plaintiff's mental status. Tr. 334-47, 367-409. The mental status exams performed by Dr. Jackline and Dr. Arnold show some low energy and restricted affect, but largely normal findings otherwise. Tr. 328-29, 352-53. The ALJ's conclusion is a rational interpretation of the record.

Opinions from medical sources regarding diagnoses, prognoses, and other information regarding the limiting effects of an individual's symptoms is relevant evidence for an ALJ to consider in evaluating the reliability of a claimant's

symptom statements.  *See* Social Security Ruling 16-3p.  In her evaluation of Plaintiff's subjective reports, the ALJ noted multiple opinions that failed to corroborate the degree of limitation Plaintiff alleged.  Tr. 21-23.  This non-disabling opinion evidence was a relevant, clear and convincing factor for the ALJ to have considered in assessing the reliability of Plaintiff's symptom statements.

Evidence of conservative treatment can be sufficient to discount a claimant's testimony regarding the severity of an impairment.  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).  The ALJ noted Plaintiff's only treatment had been counseling and medication management.  Tr. 21.  However, no treating source recommended more aggressive treatments.  Therefore, it is not clear from the record that the ALJ had a medical basis to presume any further treatments were warranted, or that Plaintiff's "conservative" treatment indicated his conditions were not serious.  Despite this factor not being a clear and convincing basis for questioning Plaintiff's reports, the ALJ offered two other clear and convincing reasons.  Therefore, her decision is supported by substantial evidence.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

**2.     Third party evidence**

Plaintiff argues the ALJ erred in discrediting testimony from Plaintiff's mother, Sue Ann Gately.  ECF No. 14 at 17.

An ALJ must give "germane" reasons to discount evidence from a non-medical "other source."  *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).  The ALJ summarized Ms. Gately's testimony and found her allegations to be self-contradictory and inconsistent with the level of functioning reported by the medical sources.  Tr. 23.  These are germane factors for an ALJ to consider in assessing the reliability of lay witness testimony.  Plaintiff has not specifically challenged any of the ALJ's stated reasons for discounting Ms. Gately's testimony.

**3.    Opinion evidence**

Plaintiff alleges the ALJ "improperly relied exclusively on non-examining sources." ECF No. 14 at 19. Plaintiff fails to assign any specific error to the ALJ's actions with respect to the opinion evidence, or clearly identify what opinion evidence was improperly rejected. In his reply brief, Plaintiff asserts Dr. Moore's analysis of his conditions was inaccurate, and also argues the ALJ erred in her discussions of Dr. Jackline, Dr. Arnold, and Dr. Emch. ECF No. 20 at 3-7. None of these issues were raised in Plaintiff's initial briefing, and thus have been waived. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

The Court finds the ALJ did not err in her evaluation of the medical evidence. The RFC determination was supported by the opinion evidence from Dr. Jackline (the consultative examiner), Dr. Moore (the medical expert who testified at the hearing), and Drs. Clifford and Collingwood (the reviewing state agency doctors). Tr. 21-22. The ALJ also noted the rather benign treatment records from Dr. Emch and Patrick Caruso, LMHC. Tr. 21.

The only opinion the ALJ assigned little weight to was Dr. Arnold of the Washington State Department of Social and Health Services. Tr. 23. The ALJ found Dr. Arnold's opinion to be inconsistent with the relatively benign exam findings, and inconsistent with the longitudinal medical evidence and the opinions of other evaluating medical sources. *Id.* When an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ did so here and did not err in

assigning little weight to Dr. Arnold's opinion. The RFC determination is based on substantial evidence.

**4.      RFC findings**

Plaintiff alleges that the ALJ's errors resulted in an improper formulation of the RFC. ECF No. 14 at 19-20. Because the Court finds that the ALJ did not harmfully err in her treatment of Plaintiff's symptom statements and the medical and other evidence, Plaintiff's argument is without merit.

<b>CONCLUSION</b>

The Court regrets to note that Plaintiff's motion for summary judgment disparages the integrity of the process by which the ALJ conducted the hearing and decided this case, and the process by which ALJs evaluate claims in general. ECF No. 14, at 16 and 17. The Court has reviewed the transcript of the hearing and finds that Plaintiff's comments are unfounded.

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision should be affirmed. Therefore, **IT IS HEREBY ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 26, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 9